### Petition for Reinstatement from Inactive Status.

#### No. 45 DB 2000.

Supreme Court of Pennsylvania.

Nov. 30, 2000.

*O R D E R*

PER CURIAM:

AND NOW, this 30th day of November, 2000, The Report and Recommendations of The Disciplinary Board of the Supreme Court of Pennsylvania dated October 27, 2000, are approved and IT IS ORDERED that GEORGE EDWARD HENDERSON, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

∎

## In the Matter of Denise D. SPEAKS.

### Petition for Reinstatement from Inactive Status.

#### No. 35 DB 2000.

Supreme Court of Pennsylvania.

Nov. 30, 2000.

*O R D E R*

PER CURIAM.

AND NOW, this 30th day of November, 2000, The Report and Recommendations of The Disciplinary Board of the Supreme Court of Pennsylvania dated October 27, 2000, are approved and IT IS ORDERED that DENISE D. SPEAKS, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that she has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

∎

## OFFICE OF DISCIPLINARY COUNSEL, Petitioner

v.

## Leonard Charles GUZZINO, III, Respondent.

#### No. 462 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Nov. 30, 2000.

*O R D E R*

PER CURIAM:

AND NOW, this 30th day of November, 2000, Leonard Charles Guzzino, III, having been suspended from the practice of law in the State of New Jersey for a period of two years by Order of the Supreme Court of New Jersey dated July 13, 2000; the said Leonard Charles Guzzino, III, having been directed on October 5, 2000, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

ORDERED that Leonard Charles Guzzino, III, is suspended from the practice of law in this Commonwealth for a period of two years retroactive to October 15, 1998, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.